# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FRANCIS DRAGUSICA,<br><br>   Plaintiff,<br><br>   v.<br><br>ROLANDO DIA ROBLES, et al.,<br><br>   Defendants.<br>_____ / | CASE NO. 1:11-cv-00363-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 8)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

Plaintiff Robert Francis Dragusica ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on March 3, 2011, alleging that he is being denied medical care for his serious medical condition in violation of the Eighth Amendment. (ECF No. 1.) On March 17, 2011, Plaintiff filed a motion for preferred legal status at the law library. (ECF No. 8.)

Plaintiff is requesting the Court order North Kern State Prison to supply him with legal research materials, legal copies, legal supplies, and access to the prisoner's Lexus Database no less than one hour per week. (Motion for Preferred Legal User and Legal Materials 2:7-23, ECF No. 8.) The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal

1  right." 18 U.S.C. § 3626(a)(1)(A).

2  Plaintiff's complaint does not allege a claim based upon lack of access to the law library or limited access to legal materials. In the absence of a viable claim based on the lack of access to the law library or materials, Plaintiff may not seek an injunction mandating the law library allow him access or legal supplies.[1]  18 U.S.C. § 3626(a)(1)(A); <u>Summers v. Earth Island Institute</u>, 129 S. Ct. 1142, 1149-50 (2009) (citation omitted); <u>Price v. City of Stockton</u>, 390 F.3d 1105, 1112 (9th Cir. 2004).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a court order granting him preferred legal status, filed March 17, 2011, should be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 17, 2011**                          /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] In addition, CDCR itself is immune from suit. <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007).