1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   ROBERT FRANCIS DRAGUSICA,                    CASE NO. 1:11-cv-00363-LJO-SMS PC

10              Plaintiff,                        ORDER ADOPTING FINDINGS AND
                                                 RECOMMENDATIONS, AND DENYING
11   v.                                          PLAINTIFF'S REQUEST FOR PREFERRED
                                                 LEGAL STATUS
12   ROLANDO DIA ROBLES, et al.,
                                                 (ECF Nos. 8, 17, 19)
13              Defendants.
                                                 ORDER DENYING PLAINTIFF'S MOTION
14                                               FOR RECONSIDERATION

15                                               (ECF No. 18)
     _____/
16

17        Plaintiff Robert Francis Dragusica ("Plaintiff") is a state prisoner proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to

19   a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        Plaintiff filed a motion for a preliminary injunction mandating he be given preferred legal

21   status and a motion to compel production of his medical records on March 17, 2011.  (ECF Nos. 7,

22   8.)  On June 17, 2011, the Magistrate Judge filed an order denying Plaintiff's motion to compel

23   production of his medical records and findings and recommendations which contained notice that

24   any objections to the findings and recommendations were to be filed within fifteen days.  (ECF No.

25   17.) Plaintiff filed a motion for reconsideration and objections to the findings and recommendations

26   on June 29, 2011.  (ECF Nos. 18, 19.)

27        Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Court may relieve a party

28   from an order for any reason that justifies relief and "is to be used sparingly as an equitable remedy

to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  Plaintiff's motion to compel was filed prematurely and his motion for reconsideration is devoid of any ground entitling Plaintiff to reconsideration of the Court's order.  Accordingly, Plaintiff's motion for reconsideration shall be denied.

In his opposition to the findings and recommendation Plaintiff requests that the Court provide him with a letter stating that he has a current and ongoing court case that is time sensitive and he qualifies for preferred legal user status.  Plaintiff's complaint is pending screening and there are no pending deadlines in this action.  The Court will not misrepresent the action in order to allow Plaintiff access to the law library.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

///

///

///

///

Accordingly, IT IS HEREBY ORDERED that:

1.      The findings and recommendations, filed June 17, 2011, is adopted in full;

2.      Plaintiff's motion for preferred legal status, filed March 17, 2011, is DENIED; and

3.      Plaintiff's motion for reconsideration, filed June 29, 2011, is DENIED.


IT IS SO ORDERED.

**Dated:    July 1, 2011**                          /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE